**LAW OFFICE OF GREGORY P. CAVAGNARO**
11100 NE Eighth St, Ste 340
Bellevue, WA 98004
Tel: 425.637.2609
Fax: 425.637.0289

## FEE AGREEMENT FOR
## CHAPTER 13 BANKRUPTCY

I, **Ronald E. Anderson**, ("Client" herein), hereby retain and employ the Law Office of Gregory P. Cavagnaro as my attorney to represent me and provide legal services in a Chapter 13 bankruptcy. I understand and have agreed that this engagement is limited to performance of services related to my Chapter 13 bankruptcy.

### Financial Terms

I agree to pay a fee of $3,500.00 for services that include the following:

1.  Analysis of my financial situation, advice and assistance in determining whether to file a bankruptcy petition, the appropriate chapter under which to file bankruptcy, and the appropriate timeframe in which to file bankruptcy;

2.  Preparation and filing of a bankruptcy petition, schedules, statement of financial affairs, and any other documents required by the Court at the time of initial filing;

3.  Attorney representation with me at the first meeting of creditors court hearing;

4.  Any additional work needed to obtain plan confirmation, with the exclusion of any special motions, including, but not limited to, motions to avoid liens and objections to creditors' claims; and

5.  Handling pre-filing telephone calls and correspondence with creditors, their agents, and/or their counsel.

I understand that I must also pay the court filing fee, which is an additional $194.00.

The total charge for initial services and filing fee is $3,694.00. A down payment of $3,694.00, which represents $3,500.00 in attorneys' fees and the entire $194.00 Court filing fee is required prior to filing the bankruptcy with the Court. The balance of attorneys' fees, if any, shall be paid by the Chapter 13 Trustee to my attorney directly during the pendency of my Chapter 13 plan until paid in full.

I agree to pay the initial <u>non-refundable</u> retainer of $3,694.00 (payable in installments) prior to any action being taken by my attorney on my behalf, other than the receipt of telephone calls and correspondence from creditors. I understand that the receipt of telephone calls and correspondence may occur as soon as I make my first

regular installment payment toward the $3,694.00. In the event that I elect not to proceed with the filing of a Chapter 13 bankruptcy for any reason, this fee shall be retained by my attorney as payment for services rendered and costs due.

I understand that upon payment of the initial <u>non-refundable</u> retainer my attorney will prepare my Chapter 13 petition. I agree to pay the $3,694.00 charge for initial services, as follows:

| Date | Installment Amount |
|---|---|
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

**I UNDERSTAND THAT MY BANKRUPTCY CANNOT BE FILED UNTIL I HAVE COMPLETED MAKING THESE PAYMENTS.** I also understand that personal checks must clear the bank prior to filing and that if immediate filing is required payment should be made in cash, cashier check or money order. I further understand that if these fees are not paid in full within 90 days, this fee agreement may become null and void at my attorney's option, at which time I may have to enter into a new fee agreement if I choose to proceed with my bankruptcy filing.

I understand that there may be additional charges if additional services are required in my Chapter 13 bankruptcy. These additional services may include, but are not limited to, the following: creditor communications other than verification of filing or reaffirmation status, non-dischargability issues, creditor claims, post-first meeting of creditors compliance, contested asset/distribution cases, adversarial proceedings, negotiations, legal research, motions, court appearance conferences, calls, letters and document review. I agree to pay an hourly rate of $250/hour for attorney time and $150/hour for legal assistant time and cost for additional services not specifically described above. I understand that my attorney will discuss with me my options, and if I opt not to pursue a certain legal remedy available to me, I will not owe my attorney for any work associated with that legal remedy. I understand that all additional fees over $1,800.00 must be subsequently approved by the Bankruptcy Court and that I will receive a copy of a motion for such fee allowance, with a statement of activity and professional charges and expenses incurred attached thereto, as part of the Court approval process, if and when necessary.

### Disclosures

I understand and agree to disclose to my attorney all material facts known that may relate to my financial situation and my Chapter 13 bankruptcy.

### Scope of Representation – Withdrawal

I understand that this agreement does not require my attorney to represent me in any or all contested or disputed matters or appeals related to my bankruptcy filing. I understand that my attorney may offer to represent me in such matters but may also elect to not to represent me in such matters and upon reasonable notice to me and any required Court approval may withdraw from representing me. I also understand and agree that my

attorney may elect to withdraw from my case in the event I fail to disclose material facts or fail to timely pay the necessary fee for services and expenses as agreed.

### Additional Terms

I understand that my attorney makes no guarantee as to the outcome of this matter.

In the event the Chapter 13 Trustee owes me a refund upon dismissal of my case or its conversion to another chapter, I understand that the Trustee will make that refund check payable to me and forward it to my attorney's current mailing address. I authorize my attorney to deposit said funds on my behalf into his trust account for safekeeping until whatever paperwork is appropriate under the circumstances has been completed.

My attorney is authorized to retain and discharge additional counsel as he, in his sole discretion, deems in my best interest; and I agree that such associated counsel may be employed upon the same terms of employment as stated herein. If associate counsel is employed my attorney shall remain in complete charge and control of this matter.

I understand that this agreement constitutes the entire agreement between my attorney and me as to the above matter and that there are no oral agreements or understandings that in any way modify or affect this agreement.

I HAVE RECEIVED AND REVIEWED THIS AGREEMENT AND KNOWINGLY AND VOLUNTARILY AGREE TO AND ACCEPT THE TERMS CONTAINED HEREIN.

DATED this 7th day of October, 2005.

LAW OFFICE OF GREGORY P. CAVAGNARO          CLIENT(S)

*Paul H. Chapman, paralegal*
Gregory P. Cavagnaro, WSBA No. 17644